# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED,<br><br>Interpleader Plaintiff,<br><br>v.<br><br>KATHERINE FLANDERS-BORDEN, WILLIAM J. SHERRY, DAVID E. FLANDERS, KARYN S. BEEDY, AND BRETT L. PETERSON,<br><br>Interpleader Defendants. | No. 1:17-cv-11681 |

## MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED'S COMPLAINT IN INTERPLEADER

Interpleader Plaintiff Merrill Lynch, Pierce, Fenner & Smith Incorporated ("MLPF&S") states as follows for its Complaint in Interpleader:

## NATURE OF ACTION

1. This is an action for interpleader pursuant to 28 U.S.C. § 1335 to determine the proper ownership, transfer and/or distribution of, and Interpleader Defendants' entitlement to assets held by Interpleader Plaintiff.

2. Interpleader Defendants include the following: (a) Katherine Flanders-Borden ("Ms. Flanders-Borden"), the daughter of deceased MLPF&S account holder Alton L. Flanders, III (the "Decedent"); (b) William J. Sherry, Decedent's friend; (c) David E. Flanders, Decedent's brother; (d) Karyn S. Beedy, Decedent's friend; and (e) Brett L. Peterson, Decedent's friend.

3. Interpleader Defendants each claim an interest in the Cash Management Account held by the Decedent with MLPF&S, numbered xxx-x3523 (the "Account"), and each Interpleader Defendant is named as a beneficiary designee for the Account in the Transfer on Death Agreement ("TOD Agreement") applicable to the Account.

4.      This interpleader action is necessary because Interpleader Defendants' competing claims to the stake held by disinterested Interpleader Plaintiff MLPF&S potentially expose MLPF&S to multiple liabilities.  Specifically, MLPF&S has received notice from Ms. Flanders-Borden that she disputes the validity of the TOD Agreement applicable to the Account, arguing that the Decedent lacked capacity at the time he executed it, and accordingly, she maintains that the proceeds of the Account should pass into the Decedent's estate, for which she is the executrix.  By contrast, the remaining four Interpleader Defendants have executed letters of authorization providing MLPF&S with instructions as to the distribution of their respective shares of the Account, and their counsel has threatened to pursue Massachusetts Chapter 93A relief if their shares are not distributed forthwith.

5.      Because of these conflicting claims and exposure to multiple liabilities, MLPF&S brings this Interpleader Complaint.  MLPF&S is entitled to bring this action under 28 U.S.C. § 1335 and the terms of the Account agreements governing the relationship between MLPF&S and the Decedent.  The Account agreements also apply to all beneficiaries of the Account as well as all parties seeking to make a claim on the Account.

6.      MLPF&S is a mere disinterested stakeholder in this action and does not have an interest in the ultimate allocation or disposition of the assets in the Account among Interpleader Defendants.

## PARTIES

7.      MLPF&S is a registered broker-dealer and a wholly owned subsidiary of Bank of America Corporation, with its principal place of business in New York, New York.  MLPF&S is also a corporation organized under the laws of the State of Delaware.  Thus, MLPF&S is a citizen of New York and Delaware for purposes of diversity of citizenship.  MLPF&S is the

disinterested custodian of the Account, seeking a determination by the Court as to the proper transfer and distribution of the Accounts.

8. Upon information and belief, the Decedent, prior to his death, was an individual who resided in Nantucket, Massachusetts.

9. Upon information and belief, Katherine Flanders-Borden is an individual who resides in Westport, Massachusetts, is a citizen of the Commonwealth of Massachusetts, and has an interest in the Account because she is a beneficiary designee for the Account in the TOD Agreement applicable to the Account. Upon information and belief, Ms. Flanders-Borden is the executrix of the Decedent's estate.

10. Upon information and belief, William J. Sherry is an individual who resides in Nantucket, Massachusetts, is a citizen of the Commonwealth of Massachusetts, and has an interest in the Account because he is a beneficiary designee for the Account in the TOD Agreement applicable to the Account.

11. Upon information and belief, David E. Flanders is an individual who resides in St. John, Florida, is a citizen of the State of Florida, and has an interest in the Account because he is a beneficiary designee for the Account in the TOD Agreement applicable to the Account.

12. Upon information and belief, Karyn S. Beedy is an individual who resides in Pottersville, New Jersey, is a citizen of the State of New Jersey, and has an interest in the Account because she is a beneficiary designee for the Account in the TOD Agreement applicable to the Account.

13. Upon information and belief, Brett L. Peterson is an individual who resides in Stuart, Florida, is a citizen of the State of Florida, and has an interest in the Account because he is a beneficiary designee for the Account in the TOD Agreement applicable to the Account.

**JURISDICTION AND VENUE**

14.     This Court has original jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1335(a)(1) because the amount contained in the disputed Account held at MLPF&S has more than five hundred dollars ($500) and because at least two defendants are citizens of different states as defined in 28 U.S.C. § 1332(a) or (c) such that there is minimal diversity between the claimants.

15.     This Court also has original jurisdiction over this interpleader action pursuant to 28 U.S.C § 1335(a)(2) because after the filing of this Complaint, and at the direction of the Court, MLPF&S will post a bond payable to the clerk of the Court in such amount and with such surety as the Court may deem proper or will deposit the Account into the registry of the Court.[1] MLPF&S will comply with the future order or judgment of the Court with respect to the Account proceeds at issue in this matter.

16.     Venue is proper in this District pursuant to 28 U.S.C. § 1397 because one or more of the claimants to the Account reside in this District.  Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims at issue occurred in this District, including, but not limited to, the execution of the TOD Agreement by the Decedent.

---

[1] The Account is currently invested in securities that may be impacted by market fluctuations. However, there are tax consequences for liquidating securities and depositing funds in the Court. Further, if the Account is liquidated and deposited in the Court, the beneficiaries who are ultimately adjudicated by the Court to be the proper beneficiaries of the Account will not be able to take their share of Account in kind.  There may be certain tax considerations for a beneficiary to take their share of the Account in kind.  Further, if the funds in the Account are liquidated and deposited with the Court, tax reporting to the beneficiaries is problematic because MLPF&S will not have directly made any distributions to the beneficiaries.  MLPF&S will follow the Court's instruction; however, given the facts of this case, a reasonable bond is preferable.

**FACTUAL BACKGROUND**

17. On or about June 22, 2015, the Decedent opened the Account and executed a Merrill Lynch Client Relationship Agreement ("CRA"), which governs the Account. A true and correct copy of the CRA is attached as Exhibit A.[2]

18. By signing the CRA, the Decedent also agreed that the Account would be governed by the terms of the CMA Financial Service Cash Management Account Disclosures and Account Agreement (the "CMA Agreement"). A true and correct copy of the applicable CMA Agreement is attached as Exhibit B.

19. On or about March 22, 2016, the Decedent executed the TOD Agreement, and his signature was notarized. A true and correct copy of the TOD Agreement is attached as Exhibit C. The CRA, CMA Agreement, and TOD Agreement are collectively referred to as the "Account Agreements."

20. Under the TOD Agreement, the Decedent made the following beneficiary designations for the Account, to receive the assets in the Account upon the Decedent's death:

| | |
|---|---|
| Katherine Flanders-Borden: | 20% |
| William J. Sherry: | 40% |
| David E. Flanders: | 20% |
| Karyn S. Beedy: | 10% |
| Brett L. Peterson: | 10% |

*See* Ex. C.

21. Pursuant to the terms of the TOD Agreement, upon the Decedent's death, the assets in the Account are to be transferred to the designated beneficiaries after, among other

---

[2] For ease of reference, an unexecuted copy of the same CRA signed by Decedent is attached as part of Exhibit A as it is more legible than the signed copy. It also includes the complete terms and conditions accompanying the CRA, which are not ordinarily imaged along with the executed copy when made part of MLPF&S's account records.

things, MLPF&S's receipt of identical signed and notarized transfer instructions from all of the beneficiaries. *See id.* ¶ 6.

22. The Decedent died on December 21, 2016 according to his death certificate.

### *Communications with Ms. Flanders-Borden*

23. On January 18, 2017, Ms. Flanders-Borden spoke to an MLPF&S Administrative Manager on the telephone and expressed a dispute over the distribution of the Account under the TOD Agreement on the basis of her father's (the Decedent's) alleged lack of mental capacity at the time the TOD Agreement was executed.

24. In the following months, Ms. Flanders-Borden communicated with MLPF&S employees via text message, email, and telephone regarding the Account and the TOD Agreement, disputing its validity on the basis of the Decedent's alleged lack of mental capacity at the time the TOD Agreement was executed.

25. For example, on February 7, 2017, Ms. Flanders-Borden sent a text message to an MLPF&S financial advisor, asserting that the Decedent was "not of sound mind when he signed" the TOD Agreement. In the same communication, Ms. Flanders-Borden indicated that she was unwilling to sign disbursement instructions for the proceeds of the Account, and asked whether she should "hire attorney to show ml legal dept [the Decedent's] medical records."

26. On March 9, 2017, Ms. Flanders-Borden sent an email to the MLPF&S financial advisor, telling him that "the Nantucket court told" her that she would need to "file a lawsuit against Merrill lynch to void the TOD agreement showing all of the doctors letters and medical records providing that [the Decedent] was not competent to sign such an agreement."

27. The same day, she sent another email to the financial advisor, averring that she "obtained all of [the Decedent's] medical records and doctors letters stating that he was not of

sound mind last year and certainly not competent or coherent enough to sign a financial agreement." She also asked whether she would be required to sue MLPF&S to "void" the TOD agreement, and requested that the financial advisor confirm as much with the MLPF&S legal department.

28.     In June 2017, counsel for MLPF&S began to communicate directly with Ms. Flanders-Borden, at her express request.

29.     On June 12, 2017, Ms. Flanders-Borden asked MLPF&S's counsel whether the TOD Agreement was "going to be voided by a Nantucket Judge as [she] obtained [the Decedent's] medical records showing that he was not of sound mind so the TOD is not a valid agreement." She confirmed later that day that she had "not yet filed" legal action but was marshalling letters from the Decedent's doctors to "prove that he was not capable of singing any financial or business agreements in 2016."

30.     On June 12, 2017, counsel for MLPF&S sent a letter to Ms. Flanders-Borden and to Hilary Schultz, counsel for the four other beneficiaries on the Account, seeking an amicable resolution and placing the parties on notice of MLPF&S's right to file an interpleader at the cost of the parties pursuant to the Account Agreements should the parties be unable to resolve the dispute over the ownership of assets in the Account. The parties did not come to an agreement within the 30 days provided in the letter. A true and correct copy of the letter is attached hereto as Exhibit D.

31.     On July 13, 2017, Ms. Flanders-Borden confirmed via email to MLPF&S's counsel her position that "the TOD was initiated at a point when [the Decedent] was non compos mantis [sic]." She further threatened action against MLPF&S if it moved forward with

distribution of the assets in the Account, writing: "I put you on notice that Merrill Lynch will be responsible for restitution of any enumerated assets that are distributed."

32. Ms. Flanders-Borden has not provided MLPF&S any of the medical records referenced in her communications with MLPF&S, despite several requests.

33. Despite requests from MLPF&S, Ms. Flanders-Borden has refused to provide MLPF&S with transfer instructions for distribution of her interest in the Account, pursuant to the TOD Agreement.

### *Communications with Counsel for the Other Interpleader Defendants*

34. The remaining four Interpleader Defendants, William J. Sherry, David E. Flanders, Karyn S. Beedy, and Brett L. Peterson (together, the "Non-challenging Defendants"), do not challenge the legitimacy of the TOD Agreement.

35. In March and April 2017, the Non-challenging Defendants each provided MLPF&S with signed, notarized instructions authorizing the transfer of each of their interests in the Account, pursuant to the TOD Agreement.

36. Counsel for the Non-challenging Defendants contacted MLPF&S by telephone on April 28, 2017 and by letter on May 1, 2017, to request disbursement of the Non-challenging Defendants' interest in the Account, notwithstanding Ms. Flanders-Borden's dispute on the TOD Agreement.

37. On June 8, 2017, counsel for the Non-challenging Defendants sent an email to counsel for MLPF&S, indicating that if MLPF&S does not distribute the interests of the Non-challenging Defendants notwithstanding Ms. Flanders-Borden's dispute, the Non-challenging Defendants may pursue relief under Massachusetts Chapter 93A. According to their counsel, the

Non-challenging Defendants also dispute Ms. Flanders-Borden's characterization of the Decedent's mental capacity at the time he executed the TOD Agreement.

38. Because of the competing and conflicting instructions from the Interpleader Defendants, which subjects MLPF&S to multiple liability, and the lack of unanimous notarized written transfer instructions from all of the beneficiaries, as required under the TOD Agreement, MLPF&S has not distributed any of the assets in the Account and has frozen the Account.

39. As of close of business on August 30, 2017, the value of the Account was $767,574.05, subject to market fluctuations, which MLPF&S is not responsible for, and applicable Account fees.

## COUNT I - INTERPLEADER

40. The allegations contained in paragraphs 1 through 39 are incorporated herein by reference.

41. The CMA Agreement, to which the Decedent agreed when opening the Account, states:

> If we [MLPF&S] believe there is a dispute concerning the control or ownership of assets of the account, we [MLPF&S] may, but are not obligated to, take one or more of the following actions, without any liability, until such dispute is resolved to our satisfaction:
>
> - Restrict activity in the account;
>
> - Require that all instructions be in writing, signed by the account holder or, if applicable, all account holders or persons claiming ownership or authority to control the account;
>
> - Suspend or terminate the CMA service; and/or
>
> - **File an interpleader action in an appropriate court at the expense of the account holder(s).**

Ex. B ¶ 302 (emphasis added).

42. Further, the TOD Agreement executed by the Decedent states:

9

> If a dispute arises concerning the proper transfer, or any other person (including but not limited to creditors of the Account Owner) shall make any claim upon the TOD Assets, or if MLPF&S cannot determine the person(s) entitled to receive a portion of the TOD Assets, the proper percentages to be applied to such transfer of TOD Assets or MLPF&S receives instructions from fewer than all named TOD Beneficiaries, MLPF&S may take one or more of the following actions, without any liability, until such dispute is resolved to its satisfaction:
>
> - Restrict the TOD Account as it deems appropriate;
>
> - Require the parties to adjudicate their respective rights to the TOD Assets; or
>
> - **Initiate legal action with respect to the disposition of the TOD Assets, including filing an interpleader action in an appropriate court at the expense of the TOD Beneficiary(ies).**

Ex. C ¶ 10 (emphasis added).

43. MLPF&S is the custodian of assets with an estimated value of approximately $767,574.05 (as of the close of business on August 30, 2017) to which it has no claim beyond its entitlement to fees, costs, and attorney fees for having to bring this Interpleader action. The value of the Account is subject to market fluctuations, which MLPF&S is not responsible for, and any applicable fees and taxes.

44. Because of the competing and conflicting instructions from the Interpleader Defendants, MLPF&S is exposed to multiple liability regarding the Account. Ms. Flanders-Borden contends that all of the assets in the Account should pass into the Decedent's estate. The Non-challenging Defendants contend that they are entitled to the interest allotted to each under the terms of the TOD Agreement and that the Account should pass outside of the Decedent's estate. Although MLPF&S takes no position as to the conflicting claims regarding the distribution of the Account or Decedent's capacity, MLPF&S cannot transfer the assets in and/or distribute the Account without being subjected to multiple claims by Interpleader Defendants.

45. The Account is currently comprised predominantly of securities. MLPF&S notes that the value of the Account is subject to market fluctuations, which MLPF&S is not responsible for, applicable fees, taxes, and penalties, which may be incurred if the Account is liquidated. MLPF&S is ready, willing, and fully prepared to post a bond in such amount and with such surety as the Court may deem proper or deposit the funds into the Court; however, as described above, under the circumstances, a reasonable bond is a preferable way to address the stake. MLPF&S will comply with the future orders or the judgment of the Court with respect to the Account proceeds at issue in this matter in accordance with 28 U.S.C. § 1335.

46. MLPF&S is a disinterested stakeholder and has no interest in the disposition of the Account.

47. MLPF&S has not brought this Complaint in Interpleader at the request of any of the Interpleader Defendants.

48. There is no fraud or collusion between MLPF&S and any of the Interpleader Defendants.

49. MLPF&S brings this Complaint in Interpleader to avoid being subject to liability as a result of the multiple and conflicting claims.

50. Accordingly, MLPF&S requests that the Court join the above-named Interpleader Defendants and require them to litigate their claims against one another.

51. MLPF&S further requests that the Court order that the assets and entire balance of the Account continue to be held at MLPF&S with the Account being frozen, suspended, and otherwise inaccessible to all Interpleader Defendants during the pendency of this litigation and that all Interpleader Defendants be barred from commencing or prosecuting any other action,

claim, counterclaim, or otherwise, against MLPF&S arising from the Account and the dispute at issue in this interpleader action.

52. MLPF&S further requests that MLPF&S be dismissed from this matter, that the Court issue an order absolving MLPF&S from any and all liability arising from this action after freezing the Account at issue, including any liability for gains or losses that may be realized on the balance of the Account due to factors such as market fluctuations, and that the Court order that all of MLPF&S's costs and attorneys' fees incurred as a result of the Interpleader Defendants' dispute, and which necessitated the filing of this action, be paid to MLPF&S from the funds held in the Account pursuant to the terms of the Account Agreements. *See* Ex. B ¶ 302; Ex. C ¶ 10.

**WHEREFORE**, Interpleader Plaintiff MLPF&S respectfully requests that this Court grant the following relief:

(i) Enjoining the Interpleader Defendants from instituting or prosecuting any proceedings in any state or United States court regarding the Account against MLPF&S;

(ii) Requiring the Interpleader Defendants to interplead and settle among themselves their rights to the Account, or upon their failure to do so, entering judgment settling and adjusting the claims and determining to whom the funds in the Account should be transferred and/or distributed;

(iii) To the extent that the Court enforces the TOD Agreement, compelling the Interpleader Defendants to provide MLPF&S with identical notarized written instructions regarding the transfer or distribution of each Interpleader Defendant's interest in the Account, to the extent they have not already provided such instructions, and ordering that if the Interpleader Defendants do not provide such instructions within 30 days of the Court's order, that MLPF&S

shall liquidate the non-instructing Interpleader Defendants' interest(s) in the Account and deposit the proceeds into the Court's registry, without liability on the part of MLPF&S for any tax consequence, harm or loss resulting from having so liquidated the assets;

(iv) Granting MLPF&S's request to continue to hold the assets in the Account and to freeze, suspend, or otherwise render the Account inaccessible to Interpleader Defendants or their agents during the pendency of this action until further order of the Court;

(v) Discharging MLPF&S from any and all liability to Interpleader Defendants relating in any way to the Account;

(vi) Dismissing MLPF&S from this action because MLPF&S has represented to the Court that the Account has been frozen during the pendency of this interpleader action and until the Court enters an order on the disposition of the Account;

(vii) Awarding MLPF&S its costs, expenses, and attorneys' fees made necessary by this Interpleader, in accordance with terms of the Account Agreements attached hereto as Exhibits A, B, and C;

(viii) Entering an order permitting MLPF&S to deduct its costs, expenses, and attorneys' fees from any payments directed by the final judgment of the Court; and

(ix) Granting such other and further relief that this Court deems just and proper.

Respectfully submitted,

Dated: September 6, 2017

/s/ *Nellie E. Hestin*
Nellie E. Hestin (BBO #676886)
nhestin@mcguirewoods.com
MCGUIREWOODS LLP
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, Pennsylvania 15222
(412) 667-6000
(412) 667-6050 (fax)

*Counsel for Plaintiff Merrill Lynch, Pierce, Fenner & Smith Incorporated*