UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-11681-GAO

MERRILL, LYNCH, PIERCE, FENNER & SMITH, INC.
Interpleader Plaintiff,

v.

KATHERINE FLANDERS-BORDEN, WILLIAM J. SHERRY, DAVID E. FLANDERS,
KARYN S. BEEDY, and BRETT L. PETERSON,
Interpleader Defendants,

WILLIAM J. SHERRY, DAVID E. FLANDERS, KARYN S. BEEDY, and BRETT L.
PETERSON,
Crossclaim Plaintiffs,

v.

KATHERINE FLANDERS-BORDEN,
Crossclaim Defendant.

ORDER
July 9, 2018

O'TOOLE, D.J.

There are several motions pending before the Court. The crossclaim plaintiffs have filed motions for default and default judgment against crossclaim defendant Katherine Flanders-Borden ("Ms. Borden"). The first of these motions (dkt. no. 15) was filed after Ms. Borden failed to file a response to the complaint or crossclaims. Prior to a ruling on this initial motion, the Court conducted a Rule 16 conference. Ms. Borden was permitted to participate telephonically from Florida. Similarly, counsel for the interpleader plaintiff was permitted to participate telephonically from Pennsylvania. Counsel for the crossclaim plaintiffs were present in the courtroom.

During that conference, I directed Ms. Borden to file her response to the complaint and crossclaims within twenty-one days. Notwithstanding that direction, Ms. Borden failed to file any pleading within the allotted time period. As a result the crossclaim plaintiffs again moved for default and default judgment (dkt. nos. 23 & 24). Ten days after the established filing deadline Ms. Borden filed a motion to dismiss for insufficient service of process and for improper venue.[1]

The Court first addresses the crossclaim plaintiffs' motions for default and default judgment. Default judgment "provides a useful remedy when a litigant is confronted by an obstructionist adversary and plays a constructive role in maintaining the orderly and efficient administration of justice." Remexcel Managerial Consultants, Inc. v. Arlequin, 583 F.3d 45, 51 (1st Cir. 2009) (quoting KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 13 (1st Cir. 2003)). Putting aside for a moment the question of the adequacy of service of process, discussed below, it is clear that Ms. Borden had actual notice of this case prior to the Rule 16 conference but apparently chose to stand on her position that service of process was improper and therefore ineffective to impose on her any obligation to appear. Nonetheless, she did appear by telephone and participated in the conference. At that time she was directed to file any responsive pleading, which could include a motion to dismiss for the insufficiency of service of process, within twenty-one days of the conference. In these circumstances, the crossclaim plaintiffs' renewed default motions are perfectly understandable, and the Court would be justified in granting them. However, when possible it is preferred that cases be resolved on their merits, and therefore Ms. Borden is afforded a final opportunity to litigate this case within the rules. The pending motions for default and default judgment (dkt. nos. 15, 23 & 24) are therefore DENIED.

---

[1] Although styled as a letter to the Court, I construe it as a motion to dismiss based on its content.

I turn to Ms. Borden's motion to dismiss. When a defendant challenges the sufficiency of service of process, the plaintiff bears the burden of proving that the defendant was properly served. Rivera-Lopez v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992). In assessing the merits of a challenge to the sufficiency of service of process, a court can "look beyond the pleadings and may consider affidavits and other documents to determine whether process was properly served," and any "factual ambiguities are to be resolved squarely in the plaintiff's favor." Morse v. Massachusetts Exec. Office of Pub. Safety, No. 12-CV-40160-TSH, 2013 WL 1397736, at *1 (D. Mass. Apr. 4, 2013) (citation omitted); see Awadh v. Tourneau, Inc., No. 15-CV-13993, 2017 WL 1246326, at *2, n.2 (D. Mass. Feb. 17, 2017) (citations omitted). Additionally, a court "may take judicial notice of the proceedings in other courts if those proceedings have relevance to the matters at hand." Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990) (citations omitted); see Maher v. Hyde, 272 F.3d 83, 86 n.3 (1st Cir. 2001) (citing Kowalski, 914 F.2d at 305).

Generally, Federal Rule of Civil Procedure 4 sets out the acceptable methods by which service of process can be effected. Under Rule 4(e), service upon an individual within a judicial district of the United States may be effected by following the law of the State in which the district court is located. Here, Massachusetts' law is applicable, and Massachusetts Rule of Civil Procedure 4(d)(1) permits service within the Commonwealth "by leaving copies [of the summons and complaint] at [the person's] last and usual place of abode."

According to the uncontested Affidavits of Service (dkt. no. 9), "last and usual" service on Ms. Borden was made at two separate address in Massachusetts.[2] On October 11, 2017, a member

---

[2] It is permissible for service to be effected at two places which are both deemed to be the defendant's last and usual place of abode. See Curley v. Radow, Civil Action No. 00-10956 GAO, 2007 WL 2060015, at *5 (D. Mass. July 16, 2007) (citation omitted).

3

of the Nantucket County Sheriff's Department left the summons and complaint at 77 Sparks Avenue, Nantucket, Massachusetts, and also sent copies of the documents via first class mail to that address. Additionally, on October 16 and 18, 2017, a Boston constable left the summons and complaint at 116 West 3rd Street, apartment 3, South Boston, Massachusetts, and also mailed copies to that address. Ms. Borden argues that she was not served properly because she did not reside at either address at the time of service.

"Whether service was proper must turn on the particular facts and circumstances of each case." U.S. v. Tobins, 483 F. Supp. 2d 68, 75 (D. Mass. 2007) (quoting Ali, 233 F.R.D. at 35). In the present case, the crossclaim plaintiffs argue that service at the Nantucket address was proper because Ms. Borden listed that address as her own when she filed a Petition for Informal Appointment of Personal Representative in the Nantucket Probate Court. (See Opp'n to Cross-cl. Def. Borden's Mots. to Dismiss, Attach. 7, at 9–17 (dkt. no. 31-7).) In several places in the Probate Court file, the Nantucket address is handwritten underneath what appears to be Ms. Borden's signature. The Petition was signed under the penalties of perjury by Ms. Borden on January 19, 2017, and filed with that court on January 20, 2017. The plaintiff was entitled to rely on that pleading in determining that the Nantucket address was Ms. Borden's true address.

Service at a mailing address listed on a form prepared by the defendant being served is sufficient and effective under Massachusetts Rule of Civil Procedure 4(d)(1). See Bird v. Ross, 473 N.E. 2d 1097, 1099 (Mass. 1985) (finding sufficient service when the plaintiff served process at the address provided by the defendant to a third party insurance company six months before the case was filed); see also Curley, 2007 WL 2060015, at *5 (citing Bird, 473 N.E. 2d at 1099). Accordingly, service was proper and effective.

Ms. Borden's argument that this venue is improper is meritless. As a general matter, a civil action "may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). The primary issue in the case between Ms. Borden and the crossclaim plaintiffs revolves around whether a cash management account held by Merrill Lynch should be distributed according to a Transfer on Death Agreement ("TOD Agreement"). The TOD Agreement was signed by the decedent at his home in Nantucket and it was notarized by a notary public licensed in Massachusetts. (Compl., Ex. C (dkt. no. 1-5); see also Opp'n to Cross-cl. Def. Borden's Mots. to Dismiss, Ex. 1 at 5 (dkt no. 31-1).)

More specifically, an action of interpleader brought under 28 U.S.C. § 1335, such as this one, "may be brought in the judicial district in which one or more claimants reside." 28 U.S.C. § 1397. Here, it is uncontested that William Sherry, interpleader defendant and crossclaim plaintiff, resides in Nantucket, Massachusetts, which is enough to satisfy the interpleader venue statute's requirements. (Compl. ¶ 10.)

Ms. Borden's motion to dismiss (dkt. no. 26) is therefore DENIED. Ms. Borden must answer the complaint and crossclaims within fourteen (14) days of this order. The Court has heretofore given her some leeway because of her pro se status. She should not rely on such leeway in the future. Going forward, Ms. Borden must comply with the applicable rules of procedure and orders of the Court.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.<br>United States District Judge