UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-11681-GAO

MERRILL, LYNCH, PIERCE, FENNER & SMITH, INC.,
Interpleader Plaintiff,

v.

KATHERINE FLANDERS-BORDEN, WILLIAM J. SHERRY, DAVID E. FLANDERS,
KARYN S. BEEDY, and BRETT L. PETERSON,
Interpleader Defendants,

WILLIAM J. SHERRY, DAVID E. FLANDERS, KARYN S. BEEDY, and BRETT L.
PETERSON,
Crossclaim Plaintiffs,

v.

KATHERINE FLANDERS-BORDEN,
Crossclaim Defendant.

ORDER
March 29, 2019

O'TOOLE, D.J.

The crossclaim defendant, Katherine Borden, has moved for additional time to file an opposition to the crossclaim plaintiffs' motion for summary judgment. The crossclaim plaintiffs have opposed the motion.

Her request for additional time is denied. First, I find Borden's claim that she never received a copy of the crossclaim plaintiffs' motion for summary judgment, filed October 11, 2018, to be unconvincing. In response to Borden's request for additional time, the crossclaim plaintiffs assert that they sent a copy of the documents via the United States Postal Service to the address

provided by Borden to the Court, where she has received prior mailings from the crossclaim plaintiffs and the Court. The crossclaim plaintiffs also filed an affidavit containing the United States Postal Service tracking number for the shipment, which indicates that the parcel was delivered on October 15, 2018 at 3:15 p.m.[1] (Aff. of Hilary S. Schultz, Attach. B.)

Second, as previously stated in the Court's Order on July 9, 2018, "[t]he Court has heretofore given [Borden] some leeway because of her pro se status. She should not rely on such leeway in the future. Going forward, Ms. Borden must comply with the applicable rules of procedure and orders of the Court." (Order 5, July 9, 2018 (dkt. no. 32).) I added those statements because of Borden's repeated refusal to comply with the deadlines set by the Court. During the conference held on October 1, 2018, which Borden participated in, I set the briefing schedule for the summary judgment motion. The crossclaim plaintiffs' motion was due October 15, 2018,[2] and Borden was specifically advised at the conference that she had twenty-one (21) days from that date to file an opposition. (Elec. Clerk's Notes, Oct. 1, 2018 (dkt. no. 42).)

I have also reviewed the motion for additional time and the corresponding memorandum filed by an attorney, who filed an appearance for Borden on November 28, 2018. This motion argues that the lack of discovery conducted in this case warrants an extension of time to file an opposition. The attorney moved to withdraw her appearance on December 14, 2018, and her withdrawal was permitted. Borden remains unrepresented by an attorney.

In any event, Borden is in possession of her father's medical records, which she argues demonstrates that he lacked the mental capacity required to execute the Transfer on Death ("TOD")

---

[1] Although the tracking information indicates that the shipment was delivered to Lake Worth, Florida based on the zip code 33467, that zip code is also used for addresses in Wellington, Florida. (Aff. of Hilary S. Schultz ¶ 4 (dkt. no. 49).)
[2] The crossclaim plaintiffs filed their motion for summary judgment on October 11, 2018.

Agreement. Before she withdrew, Borden's attorney submitted medical records detailing Borden's father's medical treatment in October and November 2015, as evidence of Mr. Flanders' diminished mental capacity at that time. However, there are no records that bear on his mental state at the time he executed the TOD in March 2016, which is where the Court's inquiry into his capacity is focused. See Sparrow v. Demonico, 960 N.E.2d 296, 303 (Mass. 2012); accord Wright v. Marjem Recovery, LLC, No. 13-CV-12058-TSH, 2014 WL 4274528, at *6 (D. Mass. Aug. 27, 2014) (quoting Sparrow, 960 N.E.2d at 303).

This line of argument is also unpersuasive. Borden has been in possession of these documents since at least March 2018 because she submitted many of the same records previously in support of a motion to dismiss. (See Mot. to Dismiss (dkt. no. 26).) Had she filed a timely opposition to the summary judgment motion, she could have submitted the records again or merely pointed to their presence in the record to argue the existence of genuinely disputed material facts. Although Rule 56 permits a court to allow a nonmoving party to conduct discovery if that party "cannot present facts essential to justify its opposition," Fed. R. of Civ. P. 56(d), this provision does not apply in this instance because Borden not only has been in possession of these documents, but she actually had filed some in the past. She could have included them in a timely filed opposition.

For these reasons, Borden's request for an extension (dkt. no. 52) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge