UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-11681-GAO

MERRILL, LYNCH, PIERCE, FENNER & SMITH, INC.,
Interpleader Plaintiff,

v.

KATHERINE FLANDERS-BORDEN, WILLIAM J. SHERRY, DAVID E. FLANDERS,
KARYN S. BEEDY, and BRETT L. PETERSON,
Interpleader Defendants,


WILLIAM J. SHERRY, DAVID E. FLANDERS, KARYN S. BEEDY, and BRETT L.
PETERSON,
Crossclaim Plaintiffs,

v.

KATHERINE FLANDERS-BORDEN,
Crossclaim Defendant.


OPINION AND ORDER
June 21, 2019

O'TOOLE, D.J.

The crossclaim plaintiffs filed a motion for summary judgment (dkt. no. 43), and the crossclaim defendant, Katherine Borden, has not filed an opposition.[1] The crossclaim plaintiffs have moved for summary judgment on Count I, prayer (ii) of the Interpleader Complaint and Count

---

[1] Borden attempted to file an amended answer and counterclaims (dkt. no. 57), but that document was stricken because it was both untimely and procedurally defective. (Elec. Order, Jan. 14, 2019 (dkt. no. 61)). The Court also denied Ms. Borden's motion for an extension of time to file an opposition. (Order, March. 29, 2019 (dkt. not. 65).)

I of the Crossclaim (alleging breach of the implied contractual covenant of good faith and fair dealing).

Although the motion is unopposed, the Court must still review the record in order to determine if the crossclaim plaintiffs are entitled to summary judgment under Federal Rule of Civil Procedure 56 as they claim. See NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7 (1st Cir. 2002).

The crossclaim plaintiffs claim that Borden breached the implied covenant of good faith and fair dealing by intentionally delaying the resolution of this case in order to deprive the other beneficiaries of assets owed to them under the "Transfer on Death" (TOD) instrument executed by Roy Flanders. The purpose of the implied covenant is to "guarantee that the parties remain faithful to the intended and agreed expectations of the parties in their performance" of their contract. Latson v. Plaza Home Mortg., Inc., 708 F.3d 324, 326 (1st Cir. 2013) (quoting Uno Rests., Inc. v. Bos. Kenmore Realty Corp., 805 N.E.2d 957, 964 (Mass. 2004)).

As the crossclaim plaintiffs note, "TODs are contracts between the owner of the property (typically securities) and a securities or brokerage firm." (Interpleader Defs.'/Cross-cl. Pls.' Mem. in Supp. of Their Mot. for Summ. J. 6 (dkt. no. 44).) Here, Roy Flanders and Merrill Lynch, Pierce, Fenner & Smith ("MLPFS") executed the TOD, and the crossclaim plaintiffs and Borden are the intended third-party beneficiaries of that contract. A third-party beneficiary receives the fruits of a contract without providing independent consideration, meaning that the beneficiary incurs no obligations in exchange for the benefits of the contract. This point is further emphasized by the fact that a person may be unaware of the existence of a contract of which she is a third-party beneficiary until it is time to receive the benefit.

After reviewing the record, the Court cannot grant the crossclaim plaintiffs summary judgment on this count because their theory of recovery, breach by Borden of the implied covenant,

is fatally flawed. The crossclaim plaintiffs have not provided any support for their apparent argument that they, as third-party beneficiaries, can sue Borden, a fellow third-party beneficiary, for a breach of an implied covenant. In order for the covenant to be implied, there must be an existing contractual relationship between the parties. None has been shown to exist here. Simple invocation of the covenant cannot create it where there is no existing contract between the parties. The crossclaim plaintiffs have not offered any evidence of the existence of a contractual relationship between them and Borden.

The crossclaim plaintiffs' request for specific performance is similarly flawed. Specific performance of a contract is warranted against a party who has committed a breach or is threatening to breach. Restatement (Second) of Contracts § 357 (1981). This remedy is intended to give the suing party the benefit of the contract by compelling the other contracting party to perform the terms the latter has agreed upon. The crossclaim plaintiffs are not entitled to specific performance because Borden has no contractual obligation to the crossclaim plaintiffs.

The crossclaim plaintiffs also assert that Borden owes both MLPFS and the crossclaim plaintiffs attorney's fees and costs. I have already determined that MLPFS is entitled to an award of attorney's fees and costs in the sum of $26,548.55. (Elec. Order, Mar. 29, 2019 (dkt. no. 64).) The crossclaim plaintiffs argue that Borden should pay the entire amount because it was her refusal to consent to the distribution that forced MLPFS to file this lawsuit. The crossclaim plaintiffs' request is denied because Borden, acting pro se, apparently thought, and apparently still thinks, she had a legitimate reason for contesting the validity and enforceability of the TOD. As far as the Court is concerned, Borden's problematic behavior is related to her conduct <u>after</u> the interpleader complaint was filed. As a result, MLPFS' reasonable attorney's fees and costs will be paid out of the brokerage account prior to disbursement of the account's assets.

Finally, the crossclaim plaintiffs argue that Borden should pay *their* attorney's fees and costs under 28 U.S.C. § 1927. The proper mechanism for such relief is to file a separate motion detailing how Borden has "unreasonably and vexatiously" multiplied the proceedings in the case and what fees and costs the crossclaim plaintiffs incurred as a result of that unreasonable and vexatious conduct.

For the foregoing reasons, the crossclaim plaintiffs' motion for partial summary judgment (dkt. no. 43) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge