UNITED STATES DISTRICT COURT
DISTICT OF MASSACHUSETTS

| | |
|---|---|
| MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED. | |
| Interpleader Plaintiff | |
| v. | C.A. No. 1:17cv11681-GAO |
| KATHERINE FLANDERS-BORDEN, WILLIAM SHERRY, DAVID E. FLANDERS, KARYN S. BEEDY, and BRETT L. PETERSON, | |
| Interpleader Defendants | |
| WILLIAM SHERRY, DAVID E. FLANDERS, KARYN S. BEEDY, and BRETT L. PETERSON, Crossclaim Plaintiffs | |
| v. | |
| KATHERINE FLANDERS-BORDEN, Crossclaim Defendant | |

**JUDGMENT**

After and upon giving due consideration to the pleadings and arguments submitted in this lawsuit, it is hereby ORDERED and ADJUDGED as follows:

1. The Transfer on Death Agreement by and between Interpleader Plaintiff Merrill Lynch, Pierce, Fenner & Smith Incorporated ("the Firm") and Alton Flanders, III that was created as of March 22, 2016 ("TOD Agreement") is enforceable as executed without any further restriction and the Firm is now authorized to and shall immediately distribute the brokerage account ending in #3523 that was created pursuant to the TOD Agreement for which the Firm is at present the custodian ("TOD Account") on the terms stated below;

2. The Firm is authorized to and shall immediately pay the Firm its previously awarded attorneys' fees of $26,548.55 (Document 64) from the cash held in the TOD Account, by directing distribution of said funds from the TOD Account to the cost center of the Firm's choosing;

3. Pursuant to the TOD Agreement, the Interpleader Defendants have the following percentage interests in the remaining assets in the TOD Account: William J. Sherry (40%), David E. Flanders (20%), Karyn S. Beedy (10%), Brett L. Peterson (10%), and Katherine Flanders-Borden (20%). Each Interpleader Defendant shall be entitled to a pro rata share of the cash and a pro rata share of the securities held in the TOD Account, according to their percentage interests. Within 30 days of this Order, each of the Interpleader Defendants shall provide the Firm with notarized written instructions regarding the transfer or distribution of each Interpleader Defendant's interest in the TOD Account, and the Firm will promptly distribute said interests according to such instructions. If any of the Interpleader Defendants does not provide such instructions within 30 days of this Order, the Firm shall then distribute the interests according to the instructions provided by the Interpleader Defendants, and shall liquidate the non-instructing Interpleader Defendant's interest(s) in the TOD Account and deposit the proceeds into the Court's registry for the United States District Court for the District of Massachusetts, without liability on the part of the Firm for any tax consequence, harm or loss resulting from having liquidated said assets;

4. Notwithstanding the express terms of Paragraph #3 of this Order, the Firm's distribution of Katherine Flanders-Borden's interest in the TOD Account is subject to the Order of the Suffolk County Superior Court dated January 31, 2019, in Case No. 1984CV00169, filed herein as Document 62-2, enjoining the Firm from transferring an amount no less than $21,000 from Katherine Flanders-Borden's interest in the TOD Account. The entry of Judgment in this lawsuit pursuant to this Order is not precluded by said state court order;

5. Each and all of the individual parties to this lawsuit—Sherry, Flanders, Beedy, Peterson and Flanders-Borden—shall promptly cooperate with the Firm and execute any additional documents or forms of instructions required by the Firm to effectuate the distributions stated in Paragraphs #2, #3 and #4 of this Order;

6. Each and all of the individual parties to this lawsuit—Sherry, Flanders, Beedy, Peterson and Flanders-Borden—are permanently enjoined from instituting or prosecuting any proceedings against the Firm, including its employees and affiliates, in any state or United States court, arbitration, or other tribunal regarding the TOD Agreement and TOD Account (including the distribution of such Account pursuant to this Order);

7. The Firm is discharged of its obligation to post bond in this action; and
8. The Crossclaim is hereby dismissed with prejudice and without costs to any party.

So Ordered this 21 day of July 2020.

/s/ George A. O'Toole, Jr.
Senior United States District Judge